IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| BERNARD HAUSE, Register No. 1118272, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4381-CV-C-NKL |
| | ) | |
| MARVIN SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

  Plaintiff Bernard Hause, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

  On March 14, 2006, a telephone conference was held with plaintiff, participating pro se, and defendants, by counsel, to discuss plaintiff's motion for preliminary injunction. Plaintiff's motion seeks a court order transferring him away from the prison unit at Jefferson City Correctional Center, where defendant Corrections Officer Smith works. Plaintiff alleges that Officer Smith sexually assaulted him, and that unless he is transferred, he is at risk of being sexually assaulted again by Officer Smith.

  Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

    Whether a preliminary injunction should issue involves consideration of
(1) the threat of irreparable harm to the plaintiff; (2) the state of balance between
such harm and the injury that granting the injunction will inflict on other parties

litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Pursuant to the discussion at the conference, it was determined that plaintiff is now in general population at the Jefferson City Correctional Center and is no longer exposed to Officer Smith. Therefore, preliminary injunctive relief is not warranted.

It was further determined at the conference that corrections officials will provide plaintiff the opportunity to file a grievance on the issues in his complaint, and that the processing of such grievance will be expedited. Additionally, the final results of such grievance investigation are to be provided to plaintiff and the court immediately upon resolution. Finally, defendants agreed to provide to plaintiff information as to Officer Smith's current unit assignment within Jefferson City Correctional Center so that plaintiff may do his best to avoid contact.

IT IS, THEREFORE, ORDERED that plaintiff be given the opportunity to file a grievance on the issues in his complaint, and that the processing of such grievance be expedited and the results submitted to the court and plaintiff immediately upon resolution. It is further

ORDERED that defendants provide to plaintiff information as to Officer Smith's current unit assignment within the Jefferson City Correctional Center. It is further

RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied, without prejudice [7].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 15th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge