IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

BERNARD HAUSE, Register No. 1118272, )
                                                                                        )
                    Plaintiff, )
                                                                                      )
                         v. ) No. 05-4381-CV-C-NKL
                                                                                         )
MARVIN SMITH, et al., )
                                                                                      )
                    Defendants. )

## REPORT AND RECOMMENDATION

       Plaintiff Bernard Hause, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

       On March 16, 2006, defendants filed a motion to dismiss plaintiff's claims for failure to exhaust administrative remedies. Plaintiff has filed a response and defendants a reply.

       Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the March 11, 2005 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(12) (March 11, 2005). Furthermore, section 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint prior to bringing suit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). Finally, when multiple prison conditions claims have been joined, the plain language of

section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).

In the instant case, the court finds that although plaintiff has not exhausted his administrative remedies prior to filing his complaint with this court, plaintiff has sufficiently alleged denial of access to such procedures such that he may proceed on his claims of sexual assault prior to exhaustion. Plaintiff has alleged that, despite his complaints to defendants, no action has been taken to protect him further assault, and that defendants have retaliated against him for filing complaints as to the assault. Plaintiff alleges that he sent a letter to his family, telling them of the assault, and that such letter was confiscated and plaintiff was issued a false conduct violation for writing the letter. Plaintiff alleges that any mail he has attempted to send regarding how he has been sexually assaulted has been confiscated, including three prior attempts at filing his claim in federal court and an attempt to file a temporary restraining order in state court. Plaintiff's cover letter to the court indicates he was only able to submit his complaint, on this one occasion, by means of listing another inmate as the sender.

Plaintiff's allegations that his attempts to file grievances were significantly thwarted are sufficient for this court to infer that the administrative process was unavailable to plaintiff. See Miller v. Norris, 247 F.3d 736 (8th Cir. 2001) (administrative remedy that a prisoner is prevented from using is not available for purposes of the exhaustion requirement of section 1997e). Therefore, this court finds that defendants' motion to dismiss for failure to exhaust administrative remedies should be denied. An order was entered by this court on March 15, 2006, providing that plaintiff be given the opportunity to file a grievance on the issues in his complaint, and that processing of such grievance be expedited and the results submitted to the court and plaintiff immediately upon resolution.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e, be denied [19].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 24th day of May, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge

3