IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

BERNARD HAUSE, Register No. 1118272, )
)
          Plaintiff, )
)
      v. ) No. 05-4381-CV-C-NKL
)
MARVIN SMITH, et al., )
)
          Defendants. )

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff Bernard Hause, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     Before this Court is plaintiff's motion for an order of transfer filed on August 14, 2006. Plaintiff seeks a transfer based on his allegations that defendant Marvin Smith, on one occasion, during a routine pat search, stroked plaintiff's penis and patted him on the rear. Plaintiff alleges defendant Smith's touching him was improper and constituted sexual harassment.

     Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Upon review of the in-camera documents filed pursuant to the January 23, 2007 Order of this court, and the information provided at the January 17, 2007 hearing, this court finds that plaintiff's motion for preliminary injunctive relief should be denied.

Defendant Smith denied plaintiff's allegations at the hearing, and the evidence submitted, in camera, strongly suggests plaintiff has exaggerated the touching, if it is not a complete fabrication, in order to obtain a transfer.  In camera evidence indicates plaintiff asked a female friend, Missy Cox, to write a letter for him to the Department of Corrections and the Cole County Prosecutor, specifically telling her what his sexual harassment allegations were, and telling Ms. Cox this was the only way to get his transfer, and for the letter to sound as sincere as possible.

The evidence submitted to this court indicates that plaintiff's allegations of sexual assault are being made in order to obtain a transfer to a correctional facility near his family.  Plaintiff's allegations do not appear to have a probability of success on the merits.  Plaintiff's motion for transfer should be denied.

Plaintiff's November 29, 2006 motion for preliminary injunctive relief relating to the same allegations of sexual assault should also be denied.

Plaintiff's motion of November 27, 2006, seeking the court to issue preliminary injunctive relief in order to have the Department of Corrections replace his lost clothing should

be denied. This request does not relate to the claims in this case, and does not merit preliminary injunctive relief.

Plaintiff's motion of November 20, 2006, seeking an order regarding punitive damages for conduct violation received is denied. If plaintiff seeks to amend his complaint, he must file a motion for leave to amend.

Plaintiff's motion for appointment of counsel is denied for the reasons previously set forth by this court in the order of May 31, 2006, and because plaintiff's claim does not appear to have a probability of success on the merits.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [29] It is further

ORDERED that plaintiff's November 20, 2006 motion for order regarding punitive damages is denied. [33] It is further

RECOMMENDED that plaintiff's motions for transfer and for preliminary injunctive relief be denied. [26, 34, 35]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 21st day of February, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge